```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SECURITIES & EXCHANGE COMMISSION,
                    Plaintiff,

            -against-                    02 Civ. 9355 (DAB)
                                         ORDER TO SHOW CAUSE
THOMAS FLETCHER & CO., INC., et al.,

                    Defendants.
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-28-10

DEBORAH A. BATTS, United States District Judge.

On November 2, 2002, Plaintiff filed the Complaint in this matter. On January 28, 2003 the Court Ordered, with the consent of Defendants Thomas Fletcher & Co. Inc., Thomas Fletcher & Company, Inc., Sergei Voronchenko, Roman Thaker, Alex Berg, and John Donadio, and after the failure of Defendant Padraig McGlynn to submit any papers in opposition to the application, that the Defendants be preliminarily enjoined from violating various provisions of the Securities Act of 1933 and Securities Exchange Act of 1934. The Court also Ordered that Defendants Thomas Fletcher & Co. Inc. and Thomas Fletcher & Company, Inc. hold and retain any assets, funds or other property held by them during the pendency of this action, that Defendant McGlynn submit a verified written accounting, and that Defendant McGlynn be enjoined from destroying or interfering with the access of Plaintiff to any documents, books and records in the possession or custody of the Defendants that relate to the allegations in the Complaint.

On January 28, 2003, Defendant Donadio answered the Complaint. On May 5, 2003 Defendants Thomas Fletcher & Co, Thomas Fletcher & Company, Inc., and Voronchenko answered the Complaint. On January 6 and 12, 2004, respectively, Defendants Thaker and Berg answered the Complaint. Subsequently, on September 13, 2004, the Court granted the Rule 24 Motion of the United States Attorney for the Southern District of New York to intervene in this matter and granted a stay of discovery precluding the production by the SEC of transcripts of prior witness testimony and notes of prior witness interviews, initial disclosures under Rule 26(a)(1)(A), and of additional witness or party depositions and interrogatories, pending the completion of related criminal proceedings.

On June 9, 2006, Plaintiff wrote to the Court to inform it that the underlying criminal matters that were the basis for the stay of discovery had been resolved, and to request a lift of that stay, which the Court granted on June 13, 2006. In the more than four years since that date, Plaintiff has taken no further action to prosecute this matter.

Accordingly, if Plaintiff fails either TO SHOW CAUSE by affidavit by July 28, 2010, this case shall be dismissed, with prejudice, for failure to prosecute. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) ("[T]he authority of

2

a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962))).

SO ORDERED.

Dated:   New York, New York
         June 28, 2010

                                            Deborah A. Batts
                                    United States District Judge

3